**CIRCUIT COURT SUMMONS**      NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20ᵀᴴ JUDICIAL DISTRICT

Service ID 370019

ANNA GALLEGOS, et al.

**Plaintiff**

vs.

SADDLE CREEK LOGISTICS SERVICES INC
CORPORATION SERVICE CO (AGENT)
2908 POSTON AVENUE
NASHVILLE, TN 37203-1312

**Defendant**

CIVIL ACTION
DOCKET NO. 23C1479
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/28/2023

**JOSEPH P. DAY**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

DAVID WEISSMAN
424 CHURCH STREET, SUITE 2120
NASHVILLE, TN 37219

> **NOTICE TO THE DEFENDANT:**
> Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

**CIRCUIT COURT SUMMONS**            **NASHVILLE, TENNESSEE**

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

Service ID 370019

ANNA GALLEGOS, et al.

           Plaintiff

vs.

SADDLE CREEK LOGISTICS SERVICES INC
CORPORATION SERVICE CO (AGENT)
2908 POSTON AVENUE
NASHVILLE, TN 37203-1312

           Defendant

CIVIL ACTION
DOCKET NO. 23C1479
Method of Service:
  Personal Service

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner: _____

_____ failed to serve this Summons within 90 days after its issuance because _____ _____

                                                                    Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| ANNA GALLEGOS, and<br>BEN CANNON,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT SMITH, and<br>SADDLE CREEK LOGISTICS SERVICES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  DOCKET NO. _____<br>)  JURY DEMAND<br>)<br>)<br>)<br>) |

### COMPLAINT

Comes now the Plaintiff, Anna Gallegos, and files this civil action against the Defendants Robert Smith and Saddle Creek Logistics Services, Inc., for damages. For cause the plaintiffs would show:

### I. PARTIES

1. The Plaintiff Anna Gallegos is a citizen and resident of Davidson, Tennessee, residing at 115 Lidgate Terrace, Goodlettsville, Tennessee 37072.

2. The Plaintiff Ben Cannon is a citizen and resident of Davidson, Tennessee, residing at 115 Lidgate Terrace, Goodlettsville, Tennessee 37072. He is the husband of Anna Gallegos and has been for all times relevant to this complaint.

3. The Defendant Robert Smith is a citizen and resident of Laurel County, Kentucky, residing at 126 Delmas Gilliam Road, London, Kentucky 40741. At the time of the collision, Defendant Smith was working for Defendant Saddle Creek Logistics Services, Inc. and in the course and scope of his employment at the time of this incident complained herein.

4. Upon information and belief, Defendant Saddle Creek Logistics Services, Inc. (hereinafter "Saddle Creek") is a Florida corporation engaged in the business of freight hauling. It operates and provides these services throughout the United States. Its principal place of business is 3010 Saddle Creek Road, Lakeland, Florida 33801-9638. It may be served through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

5. The actions of Defendant Smith are imputed to Defendant Saddle Creek through the doctrine of *respondeat superior*. At the time of the collision and immediately prior thereto, Defendant Smith was operating said truck with Saddle Creek's consent and knowledge and under the authority given by Defendant Saddle Creek. Defendant Smith was an employee and/or agent and/or contractor of Defendant Saddle Creek, and was acting in the course and scope of his employment and in the furtherance of the business of Defendant Saddle Creek at the time he committed the acts which proximately caused injuries suffered and sustained by Plaintiff. Therefore, Defendant Saddle Creek is vicariously liable to the Plaintiffs for all damages proximately caused by Defendant Smith' conduct.

## II. JURISDICTION AND VENUE

6. This is a lawsuit arising out of a motor vehicle collision that occurred at I-65, Davidson County, Tennessee, on July 15, 2022. The tortious acts of the defendants described herein took place in Davidson County, Tennessee. The venue is proper in Davidson County, pursuant to Tenn. Code Ann. § 20-4-101(a). Additionally, this Court has jurisdiction over the subject matter of this case and over all parties pursuant to Tenn. Code Ann. § 16-10-101, Tenn. Code Ann. § 20-2-201, Tenn. Code Ann. § 20-2-214, and other legal authorities.

## III. FACTS

7. The motor vehicle collision of which Plaintiffs complaint is about occurred in Davidson County, Tennessee, on I-65.

8. On July 15, 2022, Plaintiff Anna Gallegos was operating a 2015 Ford Fiesta. She was travelling on Interstate I-65 near mile marker 92 in Davidson County, Tennessee. She was traveling in lane four on the interstate. She was operating her motor vehicle in compliance with all traffic rules and regulations at said time.

9. At the same time, Defendant Robert Smith was traveling in close proximity to Ms. Gallegos. He attempted to merge from lane three into lane four. In doing, he failed to see that which was plainly there to be seen, namely Ms. Gallegos' vehicle. When he improperly merged, he struck Plaintiff's vehicle. Defendant Smith admitted to the reporting officer that he did not see Ms. Gallegos' vehicle when he was changing lanes. Defendant Smith was operating a semi-truck with trailer in the course and scope of his employment with Defendant Saddle Creek.

10. This collision was the direct result of Mr. Smith's careless and negligent operation of his motor vehicle. Defendant Smith owed a duty to Plaintiff to properly and safely operate the vehicle he was driving. Further, Defendant Smith owed a duty to Plaintiff to refrain from violating the right of way. These duties were breached by Defendant Smith, resulting in the crash described herein, and resulting in Ms. Gallegos suffering serious injuries.

11. Upon information and belief, Defendant Smith had the permission, authority and consent of Defendant Saddle Creek, and/or Defendant BBU to operate said motor vehicle on the date and at the time of the collision described herein and such vehicle was being used for the owner's use and benefit, in accordance with Tenn. Code Ann. § 55-10-311. Defendant Saddle

Creek owed a duty to Plaintiff to refrain from negligently entrusting the vehicle to Smith. Such duty was breached by Defendant Saddle Creek, resulting in the events described herein, causing Plaintiff to suffer injuries as a direct and proximate result of Defendant Saddle Creek's breach of that duty.

12. Upon information and belief, Defendant Smith, at all times relevant hereto, was an authorized agent and/or representative of Defendant Saddle Creek and engaged in the business of Defendant Saddle Creek. The actions of Defendant Smith are imputed to Defendant Saddle Creek through the doctrine of *respondeat superior*. At the time of the collision and immediately prior thereto, Defendant Smith was operating said vehicle with the consent, knowledge and authority of Defendant Saddle Creek. Defendant Smith was an employee and/or agent of Defendant Saddle Creek, and was acting in the course and scope of his employment and in the furtherance of the business of Defendant Saddle Creek at the time he committed the acts which proximately caused the injuries suffered and sustained by Plaintiff. Therefore, Defendant Saddle Creek is vicariously liable to the Plaintiff for all damages proximately caused by Defendant Smith's conduct.

13. As a direct and proximate consequence of this incident, Ms. Gallegos suffered serious bodily injury as well as associated pain and suffering and emotional injury.

## IV. ACTS OF NEGLIGENCE

14. Defendant Smith was guilty of negligence in the operation of his vehicle in that while operating the vehicle, he did the following:

    a.    Failed to maintain a proper lookout and to see what was directly in front of or beside him;

    b.    Failed to devote time and attention to the operation of the vehicle he was driving;

  c. Failed to use the degree of care and caution as was required under the existing circumstances and conditions of the safety of himself and others properly upon the roadway;

  d. Failed to use the degree of care and skill that a reasonable and prudent person would have used under the same or similar circumstances.

15. Defendant Smith was guilty of negligence *per se* in that he violated the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the accident, including but not limited to:

| | |
|---|---|
| Tenn. Code Ann. § 55-8-136 | Drivers to Exercise Due Care |
| Tenn. Code Ann. § 55-10-205 | Reckless Driving |
| Tenn. Code Ann. § 55-8-103 | Required Obedience to Traffic Laws |
| Tenn. Code Ann. § 55-8-197 | Failure to Yield the Right of Way |

## V. NEGLIGENCE OF DEFENDANT SADDLE CREEK

16. Defendant Saddle Creek, at all times relevant hereto, had possession and control of the truck, which is the subject vehicle identified within this complaint, as same was being used to conduct the business of Saddle Creek.

17. At all relevant times hereto, Defendant Smith was an authorized agent and/or representative of Defendant Saddle Creek, engaged in the business of Defendant Saddle Creek, and in the course and scope of his employment with Defendant Saddle Creek. Therefore, Defendant Saddle Creek is and should be held liable for the negligent acts and omissions of Defendant Smith as alleged herein under the doctrine of *respondeat superior*.

18. At all times relevant hereto, Defendant Saddle Creek was acting by and through its employees/agents and is responsible for the acts and omissions of those employees and agents pursuant to the doctrine of *respondeat superior*, agency, or other similar theories of law.

## VII. DAMAGES

25.  The negligence and negligence *per se* of Defendant Smith, and as imputed to Defendant Saddle Creek, as described above was the proximate cause of the collision with Plaintiff. As a direct and proximate result of the negligence, and negligence *per se,* of Defendant Smith and as imputed to Defendant Saddle Creek, Plaintiff suffered damages and painful bodily injury.

26.  27.  As a result of his injuries Plaintiff has incurred doctor's bills, hospital bills, other medical bills, and will continue to do so. Further, she has been caused to lose wages/ earning capacity because of her injuries and will continue to do so. As a further proximate result of Defendants' negligence, Ms. Gallegos has endured much pain and suffering and will continue to do so.

28.  As a direct and proximate result of the Defendant's individual or collective negligent acts Plaintiff Ben Cannon has suffered and will continue to suffer a loss of spousal consortium, including but not limited to the loss of companionship, contribution and services of his wife Anna Gallegos.

## VIII. RELIEF SOUGHT

WHEREFORE, the Plaintiffs sue the Defendants and prays:

1.  That proper process issue and be served upon the Defendants and they be required to answer the allegations of this Complaint.

2.  That Plaintiff Anna Gallegos be awarded reasonable compensatory damages for bodily injuries, medical expenses, loss of wages and loss of earning capacity, pain and suffering, loss of enjoyment of life, permanent impairment and other related expenses in an amount not to exceed $500,000.00.

3. That Plaintiff Ben Cannon be awarded reasonable compensatory damages for the loss of consortium, companionship, and services of his wife in an amount not to exceed $100,000.00.

4. That the Defendants pay all court costs, including discretionary costs of this cause.

5. For such other general and further relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

***RAYBIN & WEISSMAN, P.C.***

/s/David J. Weissman
David J. Weissman (#025188)
Fifth Third Center, Suite 2120
424 Church Street
Nashville, Tennessee 37219
(615) 256-6666
(615) 254-4254 – fax
*Attorney for Plaintiffs*