UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANNA GALLEGOS and BEN CANNON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. 3:23-cv-00769 ) ) |
| ROBERT SMITH, and SADDLE CREEK LOGISTICS SERVICES, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This personal injury action was removed from state court because there is complete diversity of citizenship and Anna Gallegos and Ben Cannon demanded more than $500,000 in damages from Robert Smith and Saddle Creek Logistics Services, Inc ("Saddle Creek"). (Id. at 8; Doc. No. 32 at 1). After removal Plaintiffs amended the complaint and reduced their damages to less than $74,900. (Doc. No. 27 at 6). Plaintiffs then filed a Motion to Remand (Doc. No. 32), challenging this Court's subject matter jurisdiction because the amount in controversy is below $75,000. (Id. at 2). Defendants opposed that motion. (Doc. No. 34). Because it does not appear to a legal certainty that Plaintiffs monetary damages is under the $75,000.00 amount in controversy requirement, the motion is **DENIED**.

In St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)), the Supreme Court addressed the precise issue here: whether a plaintiff's post removal reduction of its damages demand under $75,000.00 divest subject-matter jurisdiction based upon diversity of citizenship. The Court held that subject-matter jurisdiction is not lost after removal even if a plaintiff stipulates

to or amends the damages demand to less than $75,000, unless it appears to a legal certainty that the plaintiff cannot recover more than $75,000. 303 U.S. at 289-291.

Here, Plaintiffs seek damages following a motor vehicle collision. As a matter of law they may recover more than $75,000. Indeed, Plaintiffs' initial complaint demanded more than $75,000.00. Plaintiffs, however, have not offered evidence or legal argument that they cannot recover more than $75,000. Accordingly, the Court cannot conclude to a legal certainty that Plaintiffs cannot recover more than $75,000. Plaintiffs' motion is denied on this basis alone. This application of St. Paul has been the law in the Sixth Circuit at least since Rogers v. Wal-Mart Stores, 230 F.3d 868, 872 (6th Cir. 2000).

Nevertheless, Plaintiffs lean on Powerex Corp. v. Reliant Energy Servs., 551 U.S. 224, 232 (2007), to argue that it abrogated Rogers. But as Judge Zack Zouhary explained in Miller v. Volkswagen of Am. Inc., 889 F. Supp 2d 980, 987-88 (N.D. Ohio 2012):

> A careful reading of *Powerex* shows it did not abrogate *Rogers*. First, nothing in *Powerex* disturbed the principle set forth by the Supreme Court in *St. Paul Mercury* as recognized by the Sixth Circuit in *Rogers*. While the Court noted a case could "be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand," it explicitly left intact the "general rule that post-removal events do not deprive federal courts of subject matter jurisdiction." Powerex, 551 U.S. at 232 n.1 (emphasis omitted); see also In re Burlington Northern Santa Fe Ry. Co., 606 F.3d 379, 381 (7th Cir. 2010) ("[A] post removal amendment [] does not destroy CAFA jurisdiction" because "jurisdiction cannot be 'ousted' by later events."). Second, *Powerex* dealt with entirely different issues – whether the reach of 28 U.S.C. § 1447(c) was limited to defects in jurisdiction existing at the time of removal, and whether [*988] Section 1447(d) precluded review of a district court's rulings under the Foreign Sovereign Immunities [**18] Act of 1976. It is undisputed *Rogers* did not address those specific issues.

Plaintiffs cite and rely on multiple cases that in no way undercut the Supreme Court's decision in St. Paul and Powerex or the Sixth Circuit's decision in Rogers. For example, the Court in Baldori v. Delta Air Lines. Inc., 2011 WL 1212069, at *3 (W.D. Mich. 2011), remanded the case

2

because the plaintiff never requested more than $75,000, so the stipulation after removal only clarified the claim rather than reducing it. Id. at *3. In Wilson v. Badejo, 2017 WL 663544 (E.D. Tenn. Feb. 17, 2017), remand was required because plaintiff was legally barred by statute from recovering damages more than $75,000. Id. at *4. No more helpful is Stratton v. Konecranes, Inc., 2010 WL 2178544 (E.D. Ky. May 28, 2010), that denied a motion to remand because defendants showed that the amount in controversy was in fact met. Id. at *3. Roberts v. A&S Bldg. Sys., 2008 WL 220627 (E.D. Tenn. Jan. 25, 2008), is unavailing because plaintiff relied upon federal question and diversity of citizenship to deny the motion to remand and while Captain v. Wal-Mart Stores East, Inc., 2010 WL 4875702, at *1 (S.D. Ohio Oct. 7, 2010), is odd, it appears to rest on a joint stipulation that plaintiff could recover only less than $75,000.

The motion to remand is **DENIED**.

IT IS SO ORDERED.

*[signature]*
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE